IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CHAPTER 11 |
| | ) | |
| HANI ABDALLAH | ) | JUDGE JANET S. BAER |
| | ) | |
| Debtors. | ) | CASE NO. 12-45458 |

_____

## AMENDED PLAN OF REORGANIZATION

HANI ABDALLAH, Debtor and Debtor-in- Possession herein, by and through his Attorneys, proposes the following Plan of Reorganization ("Plan") in accordance with Section 1121 (a) of the Bankruptcy Code.

### PREAMBLE

The Debtor filed his voluntary petition for relief pursuant to Chapter 11 of the Bankruptcy Code on November 16, 2012. The Debtor has operated his business and managed his financial affairs as Debtor-in-Possession since the inception of this reorganization case pursuant to Sections 1101 and 1107 of the Bankruptcy Code. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this Chapter 11 case.

The Debtor is the proponent of this Plan. This Plan provides for distributions to the holders of allowed claims from the continued operation of his investment properties and pharmacies.

For a complete discussion of the mechanics of this Plan, the reader's attention is directed to the Disclosure Statement filed by the Debtor in connection with this Plan.

### ARTICLE I
### DEFINITIONS

The following terms, when used herein, shall have the meaning specified below, unless the context otherwise requires:

1

1.1 <u>Administrative Expense:</u> A cost or expense of administration of this Chapter 11 case, including any actual and necessary expense of preserving or liquidating the estate, or of operating the business of the Debtor and all allowances approved by the Bankruptcy Court in accordance with applicable provisions of the Bankruptcy Code.

1.2 <u>Allowed Claim:</u> An allowed claim is (i) a proof of claim which is filed within the time fixed by the Bankruptcy Court or applicable rules or statutes, and with respect to which no objection has been timely filed by any party in interest, or (ii) that has been, or hereafter is, listed by the Debtor as liquidated in amount and not disputed or contingent, or (iii) that has been allowed by Order of this Court, or (iv) that is allowed by the provisions of this Plan.

1.3 <u>Allowed Interest:</u> An "Interest" (as defined below) (i) proof of which has been filed within the time fixed by the Bankruptcy Rules or within the time fixed by the Bankruptcy Court; or (ii) that has been scheduled in the list of equity security holders prepared and filed with the Bankruptcy Court; and (iii) that has been allowed by Order of this Court, or (iv) that is allowed by the provisions of this Plan.

1.4 <u>Bankruptcy Code:</u> Title 11 of the United States Code, Section 101 et seq., as amended.

1.5 <u>Bankruptcy Court:</u> The United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

1.6 <u>Bankruptcy Rules:</u> The Federal Rules of Bankruptcy Procedure as prescribed by the

Supreme Court of the United States.

1.7 Chapter 11: Chapter 11 of the Bankruptcy Code.

1.8 Claim: The term "Claim" shall have the meaning set forth in Section 101(5) of the Bankruptcy Code

1.9 Confirmation: The entry by the Bankruptcy Court of a Final Order confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.10 Debtor: HANI ABDALLAH

1.11 Debtor in Possession: HANI ABDALLAH

1.12  Effective Date: Thirty (30) days following the entry of a Final Order confirming this Plan.

1.13  Final Order: (a) an order or a judgment that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek re-argument, reconsideration or rehearing has expired and has not been extended and as to which no appeal, petition for certiorari, re-argument, reconsideration or rehearing is pending, or (ii) an order or a judgment for which an appeal, re-argument, reconsideration, rehearing or certiorari has been sought, and as to which the order or judgment has been affirmed or the request for re-argument, reconsideration, rehearing or certiorari has been denied, and the time to take any further appeal, re-argument, reconsideration, rehearing or certiorari has expired, so that in the event of either (i) or (ii), such order or judgment shall become final and non-appealable in accordance with applicable law.

1.14  Late Filed Claims: A claim for which the claimant filed a proof of claim after the deadline set by the Court for filing proofs of claim.

1.15  Month: A calendar month, including the month in which a date or event occurs.

1.16  Plan: This Plan of Reorganization including any amendments or modifications

thereto.

1.17    Pro-rata: With respect to any distribution on account of any claim or matter, in the same proportion as the amount of such claim or matter bears to the aggregate amount of all claims or matters of its class.  Unless otherwise defined, the words and phrases used herein shall have the meanings ascribed in the Bankruptcy Code and in the Bankruptcy Rules.

ARTICLE II
CLASSIFICATION OF CLAIMS

Allowed Claims against the Debtor and this estate are classified as follows and treatment more specifically stated in Article III of this Plan of Reorganization:

2.1    Administrative Claims (Unclassified):  Administrative Claims shall consist of Allowed Claims for Administrative Expenses including fees to the United States Trustee, the Debtor's attorney(s) and other approved Administrative Claims.

2.2    Class One: Unsecured Claims.  The Allowed and Not Disputed Claims of general unsecured creditors holding only unsecured non priority claims. The following are the only allowed and/or not disputed claimants: AT&T Mobility, Chase, Citizens Financial Bank, Comcast, GE Capital, Bank/Walmart, and The Village of Hazel Crest.

2.3    Class Two: Secured (Class Two A) The total claim of JPMorgan Chase is $21,960.40 and will be paid $1,047.01 per month; (Class Two B) The total claim of MB Financial Bank is $34,958.11 and will be paid $709.21 per month, (Class Two C) The total claim of United Trust Bank is $517,284.21 will be paid $5,183.00 per month for remaining contractual term of the loan.

2.4    Disallowed Claims and Surrender of Real Estate: The Claim of Archer Bank as to the property located at 10595 W. 167th Street, Orland Park, Illinois and 15726 Lake Drive, Oak Forest, Illinois was disputed and Archer Bank has failed to file a proof of claim as to

these properties as of June 14, 2013 which is four months past the Claim Bar Date of February 14, 2013. The Debtor surrenders his interest in the property of 10595 W. 167th Street, Orland Park, Illinois and the property located at 15726 Lake Drive, Oak Forest, Illinois to Archer Bank as full satisfaction of their respective liens which will be discharged upon completion of this Chapter 11 Plan.

## ARTICLE III
## TREATMENT OF CLAIMS UNDER THE PLAN

Administrative Claims and classes Two-A, Two-B and Two-C are unimpaired by the Plan in accordance with Section 1124 of the Bankruptcy Code. Under the terms of the Plan, Class One is impaired as defined by Section 1124 of the Bankruptcy Code.

3.1    Administrative Expenses: These claimants represent claims arising post-petition. Any Administrative Expense that is an Allowed Claim shall be paid by the Reorganized Debtor, in full, in cash or as otherwise agreed. Payment of Professional Fees shall be subject to the provisions of Section 330(a) and 331 of the Bankruptcy Code or as otherwise provided by the Plan. United States Trustee and other bankruptcy fees shall be paid in full on or before the Effective Date or as they come due thereafter. The source of payment for these amounts will be the Debtor's income from operations. The Debtor expects Administrative Claims from his attorney fees will be approximately $40,000.00. The Debtor expects Administrative Claims from United States Trustee fees will not exceed $10,000.00

3.2 CLASS One - Unsecured Non Priority Creditors -This class shall consist of the Allowed Claims and Not Disputed Claims of general unsecured creditors in the amount of $52,577.24. Exhibit B to the Debtor's Disclosure Statement states which creditors are a part of this Class One and which creditor's claims are not allowed and disputed and therefore not being paid. The

Debtor will pay cash pro rata to the allowed and not disputed amounts of such claims in Class One A in the amount of $876.29 per month pro rata for sixty (60) months to allowed and undisputed unsecured non priority claimants. It is estimated that each holder of an unsecured and undisputed claim will receive one hundred percent without interest.

3.3 CLASS Two A - Secured Claim of JPMorgan Chase (hereinafter called "Chase") as to all of the debtor's real estate commonly known as 2850 W. 95th Street, Elmwood Park, Illinois. Chase holds the perfected first priority mortgage on that real estate.  The debtor owed on the Petition date, $21,960.40 to Chase as to 2850 W. 95th Street, Elmwood Park, Illinois.  The Debtor will pay Chase in equal monthly installments of $1,047.01 a month until paid in full in accordance with the underlying loan documents (approximately 24 months).  This pays Chase in full with interest calculated at 5.0%.  No arrears or contractual default existed as to this class on November 16, 2012 making this creditor unimpaired.

3.4 CLASS Two -B - - Secured Claim of MB Financial Bank (hereinafter called "MB") as to all of the debtor's real estate commonly known as 6005 W. 157th Street, Oak Forest, Illinois. MB holds the perfected first priority mortgage on that real estate.  The debtor owed on the Petition date, $34,958.11 as to 6005 W  157th Street, Oak Forest, Illinois.  The Debtor will pay MB in equal monthly installments of $709.21 a month until paid in full in accordance with the underlying loan documents (approximately 36  months).  This pays MB in full with interest calculated at 3.75%.  No arrears or contractual default existed as to this class on November 16, 2012 making this creditor unimpaired.

3.5 CLASS TWO-C Secured Claim of United Trust Bank (Hereinafter "UTB") as to all of the Debtor's real estate commonly known as 16112 Sydcreek, Homer Glenn, Illinois, UTB holds a perfected first priority mortgage on that real estate.  The debtor owed on the Petition date,

$517,294.21 as to 16112 Sydcreek, Home Glenn, Illinois. The Debtor has continued and will continue to make regular payments to UTB. The debtor will pay UTB in equal monthly installments of $5,183.00 in accordance with the terms of the underlying loan documents. No arrears or contractual default existed as to this class on November 16, 2012 making this creditor not impaired.

## ARTICLE IV
## IMPLEMENTATION OF PLAN

4.1 All of the assets of the Debtor and this estate shall vest in the Debtor upon Confirmation of the Plan subject only to the terms and conditions of this Plan.

4.2 The Debtor shall be the disbursing agent and shall be entitled to manage his affairs and operate his business without further Order of this Court.

4.3 Upon Confirmation, the Confirmed Plan shall become a binding agreement between the debtor and his creditors, superseding all pre-petition obligations of the Debtor to his Creditors. So long as Debtor acts in accordance with the Plan terms, Creditors shall have no right of action against Debtor and are barred from pursuing the Debtor for payment.

4.4 This Plan is self-executing. The Debtor shall not be required to execute any newly created documents to evidence the claims, liens or terms of repayment to the holder of any Allowed Claim. Furthermore, upon the completion of the payments required under this Plan to the holders of Allowed Claims, such Claims and any liens that may support such Claims shall be deemed released and discharged.

## ARTICLE V
## EXECUTORY CONTRACTS

5.1 All executory contracts and unexpired leases which exist between the Debtor and any other party, whether such executory contract be in writing or oral, which has not been

previously assumed, assigned or rejected by the Debtor shall be deemed assumed by the Debtor as of the Confirmation of this Plan.

## ARTICLE VI
## COURT'S RETENTION OF JURISDICTION

6.1 The Bankruptcy Court shall retain jurisdiction after Confirmation to: (i) consider applications for fees and allowances for professional persons; (ii) supervise the implementation of this Plan; (iii) consider objections to claims against the estate of the Debtor; (iv) hear and conclude all adversary proceedings or contested matters; (v) resolve disputes regarding interpretation of this Plan; (vi) fix expenses of administration; (vii) enter Orders to further consummation of the Plan; (viii) approve modification of the Plan upon motions brought before the Bankruptcy Court; (ix) consider all applications and matters pending before the Bankruptcy Court on the date of Confirmation; (x) hear and conclude any adversary proceedings and other matters relating or giving rise to litigation recoveries (xi) enter any order, including injunctions, necessary to enforce title, rights and powers of the Debtor, and to impose such limitations, restrictions, terms and conditions of such title, rights and powers as the Bankruptcy Court may deem necessary; and (xii) enter an Order concluding and terminating this Chapter 11 case.

## ARTICLE VII
## CONFIRMATION OF PLAN UNDER SECTION 1129(b) OF THE BANKRUPTCY CODE

7.1 The Debtor reserves the right, pursuant to Section 1129(b) of the Bankruptcy Code, to request the Bankruptcy Court to confirm the Plan if all applicable requirements of Section 1129 (a) of the Bankruptcy Code, other than Section 1129(a) (8), are met.

7.2  Administrative claims shall be in be paid in full in cash on the effective date of this Plan of Reorganization or when approved as described below whichever is sooner.

Administrative Claims consist of fees and expenses of the various attorneys, accountants and other professionals employed pursuant to Orders of the Bankruptcy Court and the fees of the United States Trustee.  The only administrative claim besides the United States Trustee is the attorneys for the debtor, Paul M. Bach and Penelope N. Bach of Bach Law Offices.    The administrative claim of Paul M. Bach and Penelope N. Bach of Bach Law Offices shall not be paid unless and until the Bankruptcy Court has entered appropriate Orders allowing the compensation and reimbursement of expenses.

## ARTICLE VIII
## UNCLAIMED PROPERTY

8.1 In the event that any distribution made by the Debtor under this Plan remains unclaimed ninety (90) days after such distribution is made, this distribution will become property of the Debtor and shall not be recouped in subsequent distributions. After expiration of the ninety (90) day period set forth herein, the claimant whose funds remain unclaimed shall forfeit any and all legal and equitable right to such distribution and the proceeds thereof.

## ARTICLE IX
## INVALIDATION OF LIENS AND
## DISCHARGE

9.1 The provisions of the confirmed Plan shall bind all creditors and other parties in interest, whether or not such persons accept the Plan. The distributions provided under the Plan shall be in exchange for and in complete satisfaction and release of all Claims against any of the assets or properties of the Debtor. Unless otherwise specifically provided to the contrary herein or in the Confirmation Order, on and after Confirmation, all holders of Claims shall be precluded from asserting any Claim against the Debtor.

## ARTICLE X
## INTEREST AND PENALTIES

10.1 Except as otherwise provided herein, or required by the Bankruptcy Code, no interest or penalties accruing on or after November 16, 2012, shall be paid on any Allowed Claim nor shall any creditor claiming any such interest or penalty be entitled to have its Claim for interest or penalty allowed for payment pursuant to the Plan.

## ARTICLE XI
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

11.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

11.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

11.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

Respectively Submitted
HANI ABDALLAH,

By: /s/Penelope N. Bach

Penelope N. Bach, one of their attorneys

DEBTOR' S COUNSEL:
Penelope N. Bach
Bach Law Offices
P.O. Box 1285
Northbrook, IL 60065
(847) 564-0808